

UNITED STATES
**SECURITIES AND EXCHANGE COMMISSION**
NEW YORK REGIONAL OFFICE
BROOKFIELD PLACE, 200 VESEY STREET, SUITE 400
NEW YORK, NEW YORK 10281-1022

WRITER & DIRECT DIAL

JOHN O. ENRIGHT
(212) 336-9138

May 4, 2020

<u>**Via ECF**</u>

The Honorable Michael A. Hammer
United States Magistrate Judge
United States District Court
District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, NJ 07101

    Re:    <u>SEC v. Parmar et al., 2:18-cv-09284-MCA-MAH)</u>

Dear Magistrate Judge Hammer:

    Plaintiff Securities and Exchange Commission (the "Commission") and Defendant Parmjit (Paul) Parmar ("Parmar") respectfully write pursuant to the Court's April 27, 2020 Order directing the parties to file a joint status report by May 4, 2020 (the "Order"). (ECF No. 26.)

    As the Court is aware, this matter has been stayed since March 4, 2019, when the Court granted the United States' Motion for Leave to Intervene and for a Stay ("Stay Motion") (ECF No. 22). On April 27, 2020, Parmar filed a second Motion to Dismiss the Commission's complaint ("Motion to Dismiss") (ECF Nos. 24-25). On April 27, 2020, the Clerk's Office automatically set a return date for the Motion to Dismiss of May 18, 2020. (ECF Apr. 27, 2020 Minute Entry.)

    *The Commission's Statement*

    The Commission opposes Parmar's implied motion to lift the stay and decide the Motion to Dismiss for the same reasons the Court stated on the record in granting the Stay Motion. (Mar. 4, 2019 Tr. 25:6-29:15.) To the extent the Court believes it appropriate to lift the stay to consider the Motion to Dismiss, the Commission respectfully requests that the Court set a new motion day that would give the Commission thirty days to file its opposition papers.

    *Parmar's Statement*

    Mr. Parmar filed this motion, in accordance with Your Honor's guidance from the March 4, 2019 hearing on the motion to stay. At that hearing, Your Honor analyzed the factors for applying a stay and relied heavily on the fact that our initial motion contained numerous exhibits that would

The Honorable Michael A. Hammer
May 4, 2020
Page 2

potentially require additional exhibits to be produced by Plaintiff before the criminal discovery has begun. Your Honor then carved out a very specific exception to the ruling to stay the case:

> Look, frankly, Mr. Parlatore, if the defense wishes to come back and ask the Court to consider that for purposes of a motion that does not include hundreds of pages of exhibits and establishes or takes the complaint at face value, I'm happy to consider that at the appropriate time. But based on the motion to dismiss, Docket Entry 12, that was filed back in August, I cannot agree that the matter should proceed in terms of -- even in the limited purpose of the motion to dismiss.

Mr. Parmar's position is that the motion filed here is exactly the motion that Your Honor invited us to file – one that focuses solely on legal sufficiency without any exhibits. In any event, discovery is no longer an issue, as the U.S. Attorney's Office claims that they have turned over all documents that they intend to turn over in the criminal case.

The stay in this matter was requested by the U.S. Attorney's Office, who intervened in this case for that purpose, not the Plaintiff, yet Magistrate Wettre has permitted Mr. Parmar to file a similar motion to dismiss in the associated *in rem* case (18-cv-09293-MCA-LDW) without objection from the U.S. Attorney's Office. As the U.S. Attorney is preparing to answer the motion and has not moved for a stay in that case, they cannot credibly argue that the motion to dismiss should be stayed in this case.

For these reasons, Mr. Parmar maintains that Your Honor's ruling that an exhibit-free motion would be entertained should be followed and the stay should otherwise remain in place for discovery. Mr. Parmar does not oppose giving Plaintiff some additional time to respond and suggests a Motion day of June 15, 2020.

Respectfully submitted,

s/ John O. Enright
John O. Enright
Assistant Director

CERTIFICATE OF SERVICE

        The undersigned hereby certifies that, on May 4, 2020, the undersigned served true and correct copies of the Commission's Letter dated May 4, 2020 on counsel for defendant Parmjit (Paul) Parmar and defendant Ravi Chivukula by the following means:

Timothy Charles Parlatore, Esq.
Parlatore Law Group
One World Trade Center, Suite 8500
New York, NY 10007
(via ECF)

Ravi Chivukula
765 Banyan Court
Morganville, NJ 07751
(via UPS Overnight Delivery)

                                      By:  <u>s/ John O. Enright</u>
                                                John O. Enright
                                                Attorney for the Plaintiff
                                                SECURITIES AND EXCHANGE
                                                 COMMISSION
                                                New York Regional Office
                                                200 Vesey Street, Suite 400
                                                New York, NY 10281-1022
                                                (212) 336-9138