UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,** | : : : : | Civil Action No. 18-9284 (MCA) (MAH) |
| Plaintiff, | : : |  |
| v. | : : | ORDER |
| **PARMJIT PARMAR, et al.,** | : : |  |
| Defendants. | : : |  |

This matter having come before the Court on a motion to dismiss by Defendant Parmjit Parmar, a joint status report by the parties, and a response to both the motion and the Court's Order requiring the joint status report by the United States of America as Intervenor, D.E. 24, 27 & 28;

and Defendant asserting that he filed the pending motion to dismiss in accordance with this Court's "guidance from the March 4, 2019 hearing on the motion to stay," D.E. 27;[1]

---

[1] Specifically, Defendant contends that the following statement in this Court's March 4, 2019, ruling supports his recent filing of the pending motion to dismiss:

> Look, frankly, Mr. Parlatore, if the defense wishes to come back and ask the Court to consider that for purposes of a motion that does not include hundreds of pages of exhibits and establishes or takes the complaint at face value, I'm happy to consider that at the appropriate time. But based on the motion to dismiss, Docket Entry 12, that was filed back in August, I cannot agree that the matter should proceed in terms of -- even in the limited purpose of the motion to dismiss.

Mar. 4, 2019 Tr. 29:1-9. Defendant asserts that his pending motion is proper for the Court's consideration because it does not include exhibits and solely challenges the legal sufficiency of Plaintiff's Complaint. D.E. 27.

and Plaintiff arguing that the Court should not entertain Defendant's motion to dismiss for the same reasons stated by this Court during its March 4, 2019, ruling granting the motion to stay, D.E. 27;[2]

and the United States of America as Intervenor arguing that the stay should remain in place and the motion to dismiss should be stayed, D.E. 28;[3]

and the Court finding that Defendant's motion to dismiss should be terminated;[4]

and good cause having been shown,

**IT IS ON THIS 18th day of May 2020,**

**ORDERED** that Defendant Parmar's motion to dismiss, D.E. 24, is terminated without prejudice

---

[2] Should the Court lift the stay to entertain Defendant's motion, Plaintiff requests that the Court set a briefing schedule that would permit it thirty (30) days to respond to the motion. D.E. 27.

[3] The United States contends that the motion to dismiss should not be entertained at this time because . Defendant failed to seek to lift the stay before filing the motion to dismiss; an action which the United States maintains was improper. The United States also avers that while Defendant may no longer be relying on numerous exhibits to support his motion to dismiss, this motion to dismiss, like Defendant's prior motion to dismiss, "continues to challenge the accuracy and truthfulness of the SEC Complaint's assertions, rather than taking the Complaint and its allegations at face value." D.E. 28.

[4] Defendant's motion will be terminated for two reasons. First, Defendant failed to seek to lift the stay before filing his motion. Second, and more importantly, Defendant's motion does not simply challenge the legal sufficiency of the pleadings, as he contends. Rather, Defendant Parmar challenges the credibility of Plaintiff's allegations in light of other evidence. By way of example, in Defendant's motion he argues that "it is implausible to believe that a sophisticated investor would have relied upon such a spreadsheet and not the actual underlying data and documents which were also provided during the due diligence process." Memo. in Supp. of Mot. To Dismiss, D.E. 25, at 19. In short, Defendant argues that the misrepresentations that are plead in the Complaint as forming the basis of the SEC's fraud theory cannot be credited, or that no one would have reasonably relied on them, in light of Defendant's disclosures in other documents. But this is not appropriate for the Court's consideration on a motion to dismiss. Indeed, on a motion to dismiss, all allegations in a complaint are accepted as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court's only proper inquiry on a motion to dismiss is whether a complaint contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). That is, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. 678. Because Defendant fails to confine his arguments in support of his motion to dismiss to the face of Plaintiff's Complaint, fails to accept all allegations as true, and fails to simply challenge the legal sufficiency of Plaintiff's allegations, the Court will terminate his motion to dismiss.

to his right to file a proper Rule 12(b)(6) motion once the stay in this matter has been lifted; and it is further

      **ORDERED** that the stay entered by this Court on March 4, 2019, remains in full force and effect.

                                            s/Michael A. Hammer
                                            **UNITED STATES MAGISTRATE JUDGE**