Parmjit (Paul) Parmar, Pro Se
Reg. No. 71599-050
FCI Fort Dix, Federal Prison Camp, Unit FTD-V-B
P.O. Box 2000, Joint Base MDL, New Jersey 08640

October 4, 2026

VIA ELECTRONIC MAIL AND INSTITUTIONAL LEGAL MAIL

Honorable Andre M. Espinosa, U.S.M.J.
United States District Court for the District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07101

**Re:** *SEC v. Parmar, et al.*, Civil Action No. 2:18-cv-09284-MCA-AME
**Respectful Request for a Fourteen-Day Extension of the October 5, 2026 Deadline Fixed by D.E. 44**

Dear Judge Espinosa:

I write respectfully, and with sincere appreciation for the Court's prior extension, to ask for fourteen additional days, to October 19, 2026, in which to answer, move, or otherwise respond to the Complaint as directed by the Court's text order of September 4, 2026, D.E. 44. I make this request for three reasons, which I set out as plainly as I can.

**First, the representation question the Court identified in D.E. 44 has not yet been resolved, and I would not want it to cloud a filing the Court is being asked to decide.** The Court observed that although my prior request was submitted pro se, the docket reflected The Parlatore Law Group as my counsel of record, and the Court directed that if the attorney-client relationship had ceased, counsel was to file a motion for leave to withdraw under Local Civil Rule 102.1 by September 11, 2026. The relationship has ceased, and I intend to proceed pro se in this action. I have so advised Mr. Parlatore and have asked that the required motion be filed. To my knowledge it has not yet been filed. I am concerned that a substantive submission made in my own name while counsel remains on the docket could be questioned as a hybrid filing, or could complicate service and docketing. A short extension would allow my status to be settled before my response is filed, so that the Court receives a submission whose standing is not in doubt. I would be grateful for whatever direction the Court considers appropriate on that question.

**Second, my response exists and is substantially complete, but verifying it from custody takes time I have not had.** I have prepared an Answer with affirmative defenses and a motion for partial judgment on the pleadings, with a supporting memorandum and proposed order. Those materials are substantially complete. The motion rests in significant part on the record of the criminal proceeding, including the plea agreement and the Rule 11 transcript, and I have been checking each assertion against those materials line by line. I prepare these documents by dictation over institutional telephones and the CorrLinks messaging system, with a family member assembling the text at my direction; I am solely responsible for their content. That process is reliable but slow, and the delays of recent weeks have been beyond my control. I seek no tactical advantage from the additional time. It is requested so that a substantial dispositive submission accurately characterizes the criminal record and the governing authorities before those representations are placed before the Court.

**Third, no party will be prejudiced.** This action was stayed for more than seven years at the request of the United States and was reopened only this year. No hearing, discovery deadline, or trial date would be displaced by a fourteen-day extension. The Commission itself advised the Court in May that it had reached out to my then-counsel to explore a consensual resolution, D.E. 35. I

regret that the limits on communication from custody have prevented me from conferring with Commission counsel regarding this request before writing, and I would of course accept any shorter period the Court considers sufficient.

Accordingly, I respectfully request that the Court extend the deadline in D.E. 44 from October 5 to October 19, 2026; clarify or resolve my pro se status as the Court deems appropriate; and grant such other relief as the Court considers just. If the Court is unable to act on this request before October 5, I respectfully ask that the deadline be held in abeyance pending the Court's disposition of it, or that the Court grant such other short administrative relief as it considers appropriate. I am prepared to proceed promptly in accordance with whatever direction the Court provides.

I am grateful for the Court's consideration of this request.

Respectfully submitted,

________________________________

Parmjit (Paul) Parmar, Pro Se

**Disclosure regarding preparation:** I dictated and composed this letter myself, using institution telephones and the CorrLinks electronic messaging system. My brother-in-law, Salil Sharma, assembled the text I provided on a computer and transmitted it at my direction. His role was limited to that clerical assistance; he did not author any part of this letter and is not responsible for its content. I, Parmjit Parmar, am solely responsible for it.

cc (by email):
Christopher J. Dunnigan, Esq., and John O'Donnell Enright, Esq., U.S. Securities and Exchange Commission (Dunnigancj@sec.gov; enrightj@sec.gov)
Timothy C. Parlatore, Esq., The Parlatore Law Group (timothy.parlatore@parlatorelawgroup.com)
Timothy Neumann, Esq.